**Michael A. MUNLEY, Plaintiff,**

v.

**Mokena Police Officer CARLSON, Defendant.**

No. 99 C 6686.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 12, 2000.

Kenneth N. Flaxman, Kenneth N. Flaxman, P.C., Chicago, IL, for Plaintiff.

Michael W. Condon, Hervas, Sotos, Condon & Bersani, Itasca, IL, for Defendant.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

On August 25, 1998, Mokena Police Officer Christopher Carlson ("Carlson") arrested Michael Munley ("Munley") after receiving a report of domestic battery. When Carlson arrived on the scene, Munley's wife had lacerations on her head that required stitches. Munley says that Carlson punched him in the face in the course of the arrest and he is suing Carlson under 42 U.S.C. § 1983 for excessive and unreasonable use of force in the course of the arrest. Munley and Carlson have submitted motions in limine to bar certain evidence.

### I. Carlson's Motions

Carlson brings four motions in limine, only two of which require any substantive discussion. He asks me to bar all questions relating to prior disciplinary actions against him. Evidence of other unrelated disciplinary actions is not admissible by either party to show that Carlson acted in conformity with his character, Fed.R.Civ.P. 404(b), regardless of whether Carlson "opens the door" to the use of such evidence. Evidence of other acts is admissible only if it is not offered to show action in conformity with character, but Munley has not offered any alternative purposes for the evidence of other disciplinary actions, so it is barred.

Carlson also asks me to exclude all evidence, argument or comment about the existence of liability insurance. Evidence of liability insurance is not relevant to the question of whether Carlson used excessive force in Munley's arrest. The motion is therefore granted. However, Carlson may not offer evidence, testimony or argument about his financial circumstances or inability to pay a judgment against him. *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir.1998). If Carlson does offer evidence or argument that he is unable to personally satisfy a judgment against him, I will allow Munley to introduce rebuttal evidence of liability insurance. *See id.* at 380.

Munley agrees that he will not ask Michelle Rossi any questions from which she might testify that she was the "target" of Mokena police department actions. Accordingly, this motion is moot. Munley is barred from introducing evidence that the Will County State's Attorney dismissed the charges against him, but he may testify that he was released from jail and that he was never convicted of any charges arising out of this incident.

### II. Munley's Motions

#### A.

Munley asks me to bar questions that would elicit testimony from his wife, Dawn Munley ("Mrs.Munley"), about what happened before the police arrived at their home on the day of the arrest. Mrs. Munley testified in her deposition that, on the day of the arrest, she and Munley had been fighting, Munley pushed her, and she hit her head on the table when she fell. She also testified that, on the day of the arrest, she falsely told Carlson that she hurt her head when Munley "head-butted" her, not when she fell. Mrs. Munley has since told Gary Bush that she lied in her deposition. Munley now seeks to bar any testimony from Mrs. Munley that she has now changed her story and that Munley really did "head-butt" her.

The issue in this case is whether Carlson used excessive force when he arrested Munley, not whether Munley is guilty of hitting his wife. The reasonableness of an officer's actions in the course of an arrest is judged by an objective standard, based on the facts and circumstances

known to the officer at the time of the arrest. *Palmquist v. Selvik*, 111 F.3d 1332, 1339–40 (7th Cir.1997). Evidence discovered after the fact is not relevant to the objective reasonableness of the officer's actions. *Id.* Mrs. Munley may not be asked whether Munley actually hit her because it relates to circumstances outside of the time frame of Carlson's actions. However, she may testify as to what she told Carlson and to her physical condition at the time of the arrest. Her statements to Carlson are admissible non-hearsay because Carlson offers them to show the effect they had on him and how he reacted to them, not to prove the truth of the matter asserted. Fed.R.Evid. 801. For the same reason, Carlson may testify about what Mrs. Munley told him and what he observed about her injuries at the time of the arrest, but any testimony that she has subsequently changed her story about what happened is not relevant to the objective reasonableness of Carlson's actions at the time of the arrest. Accordingly, Carlson may not elicit testimony from Gary Bush as to his conversations with Dawn Munley about whether Munley really hit her or whether she lied in her deposition.

### B.

▌ Gary Bush ("Bush") submitted an affidavit in this case in which he said that Michelle Rossi ("Rossi"), one of Munley's witnesses, told him that "she had entered into an agreement with Michael Munley wherein she would support Michael Munley's story in exchange for a percentage of any monetary amount which Michael Munley may obtain through either settlement or judgment." (Bush Aff. ¶ 3). Munley asks me to bar Bush from testifying about this conversation on hearsay grounds. When a statement contains multiple levels of hearsay, the entire statement is inadmissible unless an exception or exclusion applies to each level. Fed.R.Evid. 805.

▌ The first statement in question is Munley's alleged statement to Rossi that he would give Rossi a share of his recovery if she supported his story. This is hear-

say—an out of court statement offered for the truth of the matter asserted—but it is admissible under the exclusion for straight party admissions. Fed.R.Evid. 801(d)(2)(A). The second statement in question is Rossi's statement to Bush that Munley tried to bribe her. Munley objects that this is hearsay to which no exception or exclusion applies. Carlson argues, however, that Rossi's statement is admissible as an adoptive admission of Munley.

▌ Under Fed.R.Evid. 801(d)(2)(B), a statement is admissible non-hearsay if "the party has manifested an adoption or belief in its truth." Before admitting a statement as an adoptive admission, I "must first find that sufficient foundational facts have been introduced for the jury reasonably to conclude that the defendant did actually hear, understand and accede to the statement." *United States v. Monks*, 774 F.2d 945, 950 (9th Cir.1985). Carlson offers testimony from Bush that, on September 11, 2000, after Bush submitted his affidavit on August 4, 2000, Munley called Bush and asked him why he got involved in the case and why he submitted his affidavit. Bush will also testify that, after Bush told Munley that the statements in his affidavit were true, Munley offered him a portion of his recovery from this lawsuit to "back off" from the statements.

▌ Munley does not object to Carlson's offer of Bush's testimony that Munley tried to bribe Bush, and it is admissible as a straight party admission under Rule 801(d)(2)(A). *See McGaughy v. Burlington Northern R. Co.*, No. 87 C 10711, 1990 WL 205923, at *3 (N.D.Ill.Dec. 6, 1990). This exchange shows that Munley had knowledge and understanding of the statements in the affidavit; Munley called Bush to talk about the affidavit, so Munley must have had an understanding of its contents. Munley's attempt to bribe Bush into recanting the statements in the affidavit is an accession to the truth of the statements. *See McQueeney v. Wilmington Trust Co.*, 779 F.2d 916, 921 (3d Cir.1985) (holding that subornation of perjury by a party "in

connection with its case ... is also commonly regarded as an admission by conduct. By resorting to wrongful devices, the party is said to provide a basis for believing that he or she thinks the case is weak and not to be won by fair means.") (citations omitted); *Empire Gas Corp. v. American Bakeries Co.*, 646 F.Supp. 269, 274 (N.D.Ill.1986) (holding that party's attempt to bribe witness is relevant evidence of weakness of party's case). When Munley attempted to bribe Bush, therefore, he adopted as his own admission the statement in Bush's affidavit that Rossi said that Munley tried to bribe her.

To sum up, Munley's statement to Rossi that he would share his recovery with her if she supported his story is admissible as a straight party admission under Rule 801(d)(2)(A). Rossi's statement to Bush that Munley tried to bribe her is admissible as an adoptive admission under Rule 801(d)(2)(B), which Munley adopted when he offered Bush a bribe to back off the statements in Bush's affidavit.

### III. Conclusion

Carlson's motions in limine are GRANTED subject to the limitations enumerated above. Munley's motion to bar the testimony of Dawn Munley is GRANTED. His motion to bar Bush from testifying about Dawn Munley' statements is GRANTED as unopposed. His motion to bar Bush from testifying about Rossi's statements is DENIED.